UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LANCER INSURANCE COMPANY,

                 Plaintiff,

                                                **OPINION & ORDER**
   -against-                                    **08 CV 03724 (SJF)(ETB)**

MKBS, LLC,

                 Defendant.
----------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

Plaintiff Lancer Insurance Company ("Plaintiff") commenced this action against defendant MKGS, LLC ("Defendant") in the Supreme Court of the State of New York, County of Nassau, bearing index no. 15138/08 (the "State Court action"), on or about August 14, 2008, alleging claims for, *inter alia*, breach of contract. On September 12, 2008, Defendant filed a Notice of Removal to remove the State Court action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. On October 30, 2008, Plaintiff moved, pursuant to 28 U.S.C. § 1447, to remand this action to state court and recover fees and costs related to this motion. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

II.    Discussion

    A.    Removal Jurisdiction

A civil action initially filed in state court may be removed by the defendant to federal

1

district court, provided that the district court has original subject matter jurisdiction over the plaintiff's claim, pursuant to 28 U.S.C. § 1441. See Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 271 (2d Cir. 1994). Removal jurisdiction is strictly construed, and "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts must resolve] any doubts against removability." California v. Atlantic Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.), 488 F.3d 112, 124 (2d Cir. 2007) (citations omitted). On a motion to remand, the removing defendant "bears the burden of demonstrating the propriety of removal." California Public Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted).

B. Forum Selection Clause

The parties do not dispute that this Court has original subject matter jurisdiction over Plaintiff's claims. Plaintiff, however, asserts that Defendant has waived its rights to remove this action based upon a forum selection clause contained in the Deductible Security Agreements ("Agreements") between the parties.[1] The clause in question states as follows:

> (a) any action or proceeding brought by either party against the other party relating in any way to this Agreement or the subject matter hereof may be brought in the New York State Supreme Court for Nassau County or in the United States District Court for the Eastern District of New York.
>
> For the purposes of this Agreement, each party irrevocably submits to the jurisdiction of the New York State Supreme Court for Nassau County and the jurisdiction of the United Stated District Court for the Eastern District of New York.

---

[1] Although Defendant states that it reserves any rights it may have to challenge the validity of the Agreements, the Court assumes, for purposes of the instant motion, the Agreements are valid and the forum selection clause is enforceable.

2

> (b) Each party irrevocably waives, to the fullest extent permitted by law, any objection which it may now or hereafter have to the laying of venue of any such suit, action or proceeding brought in any such court, any claim that any such suit, action or proceeding brought in such court has been brought in an inconvenient forum and the right to object, with respect to any such suit, action or proceeding brought in any such court, that such court does not have jurisdiction over such party or the other party.

(Deductible Security Agreements, attached as Exs. D and E to Supporting Aff., dated October 10, 2008, ¶ 16.)

"It is well established that a forum selection clause may act as a waiver of defendant's right to remove an action to federal court." John's Insulation, Inc. v. Siska Constr. Co., 671 F. Supp. 289, 294 (S.D.N.Y. 1987) (citations omitted). However, "[s]uch a waiver must be clear and unequivocal. If the forum selection clause is ambiguous in that it is susceptible of two reasonable meanings, it will be construed against the party who drafted it." Id. (citing Stern v. Satra, 539 F.2d 1305, 1310 (2d Cir. 1976)). An ambiguous term or phrase is one which is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." Sirico v. RIH Acquisitions NJ, LLC, No. 06 Civ. 3262, 2006 WL 3370399, at *1 (E.D.N.Y. Nov. 20, 2006) (quoting Walk-In Med. Ctrs., Inc. v. Breuer Capital Corp., 818 F.2d 260, 263 (2d Cir. 1987)).

Defendant contends, *inter alia*, primarily relying on Hefton v. Viscern Holding Corp., No. 07 Civ. 9586, 2008 WL 938938 (S.D.N.Y. Apr. 7, 2008), that, since the forum selection clause in the Agreements does not explicitly waive the right to remove this case to federal court, removal is proper. Defendant argues that, in Hefton, the "court analyzed a nearly identical waiver provision" and found that the agreement did not contain an explicit waiver of a right to remove to

federal court and, consequently, denied Plaintiff's motion to remand. (Def.'s Mem. of Law in Opp'n to Plaintiff's Mot. to Remand, filed October 30, 2007, 4-5.) Defendant further argues that the "waiver language" contained in subsection (b) of the forum selection clause in the Agreements "only applies to New York courts, not to whether the case must stay in the state or federal New York jurisdiction initially selected by either party." (Id. at 3.)

In Hefton, the waiver provision ("Waiver Provision") stated that "[e]ach of the parties irrevocably waive, to the fullest extent permitted by law, any objection that they may now or hereafter have to the laying of venue of any such action or proceeding in the courts of the State of New York located in New York County or the Southern District of New York"[2] Hefton, 2008 WL 938938, at *5 (citation and quotation marks omitted). However, Hefton is distinguishable primarily because the court, in determining whether the defendant waived the right to removal, had to reconcile the forum selection clauses contained in "two independent but related contracts," one of which "requires that any action pertaining to [this Agreement] should first be brought in [the Southern District of New York], and only if [the Southern District of New York] lacks jurisdiction over the action, then in New York State Supreme Court, New York County." Id. at *4-5. The court found that

> the entirety of the forum selection and waiver provisions of both the Stockholders' Agreement and the Escrow Agreement are lengthy, but include no explicit waiver of a right to remove to federal court. Accordingly, Plaintiffs' claim that the Defendant waived its right to remove is denied. The Escrow Agreement required Plaintiffs to bring any action arising out of it in this Court, absent a jurisdictional defect. No jurisdictional defect is present. Defendant had a right to enforce the Escrow Agreement's forum selection

---

[2] The forum selection clause in the Agreements differs from that of the Waiver Provision in Hefton insofar as the Agreements state "any such court" where the Waiver Provision states "the courts of the State of New York located in New York County or the Southern District of New York"

4

clause by its Notice and Petition of Removal. Since Plaintiffs chose to ignore the Escrow Agreement's explicit provision for venue in this Court, chose to join the independent but related claims raised by the two contracts, and venue in this Court is proper under both contracts, Plaintiffs lack grounds to complain about the removal.

Id. at *6.

Moreover, an explicit waiver of removal is not required in all instances to preclude removal. See City of New York v. Pullman Inc., 477 F. Supp. 438, 442 (S.D.N.Y. 1979) (stating that "a]n agreement conferring jurisdiction in one forum will not be interpreted as [e]xcluding jurisdiction elsewhere unless it contains specific language of exclusion ... or it leaves it in the control of one party with power to force on its own terms the appropriate forum.") (citations omitted), see also Koninklijke Philips Electronics v. Digital Works, Inc., 358 F. Supp .2d 328, 334 (S.D.N.Y. 2005) (stating that "'[w]hether parties may stipulate in advance to restrict removal is highly doubtful, for such an understanding would run counter to the settled idea that bargains limiting parties to particular tribunals are illegal. However, the clause in suit is not such a bargain. It merely restricts the defendant to the Court in which suit is first begun against it, be it Federal or State'") (quoting General Phoenix Corp. v. Malyon, 88 F. Supp. 502, 503 (S.D.N.Y. 1949)).

Subsection (b) of the forum selection clause in the Agreements unambiguously prohibits either party from objecting to the "laying of venue of any such suit" once an action is "brought in any such court." See, e.g., iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081, 1082 (8th Cir. 2005) (stating that the forum selection clause, which stated that "'[t]he Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of

Missouri and to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri,' ... unambiguously prohibited [the defendant] from objecting to venue by removing the case to federal court") (citing Waters v. Browning-Ferris Indus., Inc., 252 F.3d 796, 797-98 (5th Cir. 2001) (holding nearly identical language "waving any objection ... to laying of venue" waives right to removal)). Therefore, removal was improper.

Accordingly Plaintiff's motion insofar as it seeks remand to the Supreme Court of the State of New York, County of Nassau is granted.

C.  Costs and Fees

This Court has discretion under 28 U.S.C. § 1447(c) to award costs and expenses, including reasonable attorney's fees, incurred as a result of the improper removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704, 709, 163 L.Ed.2d 547 (2005).

> The goal of this provision is to deter improper removal ... While the simplicity of [the removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it.

Circle Indus. USA Inc. v. Parke Constr. Group. Inc., 183 F.3d 105, 109 (2d Cir.1999). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. 546 U.S. 132, 126 S.Ct. at 711, 163 L.Ed.2d 547.

Although Defendant's removal application was improper, it does not appear that

Defendant's arguments were objectively unreasonable, intended to harass Plaintiffs, or to prolong or delay the litigation. Based upon the facts of this case, Plaintiff's motion insofar as it seeks an award of costs and fees is denied

III.     Conclusion

Plaintiff's motion insofar as it seeks remand is GRANTED and this action is remanded to the Supreme Court of the State of New York, County of Nassau. The Clerk of the Court is directed to close this case and, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the Clerk of the Supreme Court of the State of New York, County of Nassau.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: December 22, 2008
       Central Islip, New York